IN THE UNITED STATES DISTRICT COURT
FOR
THE THIRD CIRCUIT

Rahman R. Fulton,
    (Petitioner)

                      Civil Action No.

v                     |            18-16526-(SRC)

                      Crim. No. 13-CR-261-(SRC)

United States of America,
    (Respondent)

PETITIONER'S RESPONSE TO THE GOVERNMENT'S ANSWER
TO PETITIONER'S MOTION TO EXPEDITE
(UNDER RULE 4.1) AND PETITIONER'S
CLAIMS WITHIN HIS RESPONSE BRIEF
OF HIS 2255 HABEAS CORPUS FILING;
IN LIGHT OF RECENT SUPREME COURT DECISION
ON JUNE 24TH 2019
(U.S. V. DAVIS) NO. 18-431;
CONCERNING 18 USC 924(c)(1)(A),
(3)(b); FINDING TO BE UNCONSTITUTIONALLY
VAGUE AND CANNOT STAND,
AND THUS AFFECTING PETITIONER'S CASE DIRECTLY

     COMES NOW before the Court, Petitioner Rahman Fulton's pro se Motion to compel the Court to Grant a ruling on his case in favor of Petitioner, because in light of recent Supreme Court decision in (U.S. v. Davis) No. 18-431. Petitioner is timely responding to the Govt's Answer per FRAP Rule 5, "Answer and Reply" as well as, under FRAP Rule 4.1 where Petitioner has (3) days from the time he receives notification from the Govt. to respond. On August 29, 2019; Petitioner by way of (Allenwood-Low) legal mail (See Attachment #1 - Copy of Receipt of Legal Mail) received the Govt's Answer and thus is responding timely and states the following:

### STATEMENT OF FACTS

     The Govt's Answer letter is riddled with incorrect legal interpretations when citing reasons why Petitioner supposedly does not qualify for Relief under (Davis) and will address each claim proffered and proving that Petitioner does qualify under the New Supreme Court Case in (Davis).

1) Govt. falsely claims Petitioner's conviction is unaffected by (Davis).

1

PETITIONER'S RESPONSE:

For starters, the Govt. begins its claims by bringing up the ACCA element clause. However/ for an ACCA conviction to be considered the Law states; "you have to have three (3) prior convictions that are crimes of violence or drug cases. The Record shows that Petitioner does not qualify as an ACCA status; nor was he sentenced under the ACCA statute.

The Govt. then lays out in its case pertaining to the "physical force against the person of another", and asking the Court to use the common sense understanding of the word intimidation; while citing cases as far back as 1998.

Yet, the Govt. avoids to mention recent Lower Court case in (U.S. v. Walker) No. 15-4301, stemming from (Davis); that the Court held that because (as in this case) Walker's substantial rights as well as, fairness, integrity, and public reputation of Judicial proceedings; Walker could not be guilty of violating §924(c); when a crime of force can be committed without actual violence, and any additional months given must be vacated and remanded back for resentencing.

Petitioner's case (the Robbery) as admitted by the Govt. lasted around 45 seconds, with no one being harmed. Petitioner's case has (2) two potential parts to it, 1) the elements charge and/or 2) the Residual  Clause, and such Petitioner's Claims under (Davis) has merit. On the Record witness account and testimony was clear that whomever robbed the bank, never made threats to bank tellers at the time of the offense.

Recent cases in Lower Courts address how 924(c) charges that were charged as elements; when in fact; should have been appropriately charged as Residual charges; thus rendering such 924(c) charges as unconstitutionally vague and now cannot stand as cited in (U.S. v. Davis).

2) Govt. falsely claims that any Davis claim has been procedurally defaulted by Petitioner.

PETITIONER'S RESPONSE

Petitioner in his 2255 claims cites violations in the Govt's 924(c) charge and enhancement of the charge. So, the Govt's claims that Petitioner did not preserve at trial or on appeal under (Brady) is baseless at best.

In fact, of legal consequence; that significantly refutes the Govt's logic and is not consistent with the factual basis, when the Court reviews Petitioner's writ of certiorari (Dated 5/5/17); herein proving that Petitioner

2

did argue previous claims in Mathis, Dimaya, and Graham; thus preserving his Rights to further argue in Davis. (See Attachment #3).

In addition, throughout Petitioner's Briefs (2255); Petitioner clearly shows cause and actual prejudice; when Petitioner cites clearly that although Petitioner's case carried a 924(c) charge "in a crime of violence and brandishing a firearm"; the 924(c) matter was never proven at trial and was simply used as an enhancement. (See Attachment #2; transcript of the Court proceedings where because Petitioner lost as of Count 1 of a Bank Robbery - the Jury was forced to agree to Count 2 of Brandishing a Firearm) even though no gun was found or poffered during trial.

Petitioner makes his claims clear and that is he should have never been charged as an element under the 924(c) statute, based on (Davis). Petitioner's case is an error by the Court and Petitioner's 924(c) charge is a Residual Clause Matter, and thus the Court first must examine whether the Court committed plain error by allowing such a charge to stand as an element.

Next, the Court must reanalyze Petitioner's Bank Robbery charge was a crime under 924(c)(3)(A); in which the Court needs to look to whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force. Furthering, the Court can use the categorical approach meaning; that the Court should not just look "only at the elements of the crime and not at the particular facts in the case." Of great importance (as in recent vacated kidnapping case in (U.S. v. Walker) No. 15-4301 (4th Cir); the Court must consider; "when a statute defines an offense in a way that allows for both violent and nonviolent means of commission, that offense is not categorically a crime of violence under the force clause.

The Govt's adaptation that the Lower Courts in (Wilson) under the element clause invalidates Petitioner's claims, is not fully explained; and (U.S. v. Walker) 2019 findings cancels out the Govt's reasons why the Court should reject Petitioner's claims for Relief under Davis.

Also, throughout Petitioner's filings, he maintains "Actual Innocence" in which he provides unrefuted proof by way of a timeline (and alike), using only and all evidence already on Record; that shows that Petitioner did not commit the crime. This evidence was not challenged by the Govt. in its Answer of Petitioner's 2255 filings; as the Govt's legal grounds basically centered around whether or not Petitioner had or had not received a fair trial. In which Petitioner did not receive a fair trial. Period!

Lastly, the Govt. is looking to distract the Court, when it claims Petitioner

3

had not previously argued constitutional vagueness as a challenge to Section 924(c)(3)(B) before Davis. However, the Govt. leaves out a few matters the Court must consider material facts such as:

A) Petitioner cites 924(c) issues and his innocence post-trial prior to the Davis Ruling within his 2255 filings;

B) Petitioner's trial mainly concentrated its focus on (by the Govt.) who actually committed the crime and Petitioner's innocence, and not the 924(c) matter which is one of the claims Petitioner makes for Ineffective Assistance of Counsel claims.

C) (U.S. v. Davis) is actually retroactive and thus Petitioner could have brought the Davis case in appropriately within his appeal process in any number of cases the Govt. cites in their letter Response; but also under Statute 18 USC 3582, 60(b) and alike (just to name a couple) post facto of the trial.

Finally, the Govt. states that the Jury convicted Petitioner on both the Bank Robbery and the 924(c) counts charged in the indictment as cited in Petitioner's briefings on Petitioner's ineffective asst. claims.

However, the Govt. does not address Petitioner's claims that under (Davis); Petitioner charges is actually a Residual Clause matter and not an element charge whatsoever, and such is the claims Petitioner makes under Davis, Walker and other cases cited in this Response.

CONCLUSION

In sum, Petitioner meets all the criteria given by the Govt. that warrants Relief under (Davis) such as:

(Also see Attachment #4; recent favorable Circuit Appellate Cases)
-Petitioner argues within his 2255 Habeas Corpus that he is "Actually innocent" of the Robbery, thus cannot be charged for the 924(c) crime, while providing unrefuted proof of his innocence.

-In the (3rd Cir.) on August 14,2019; (U.S. v. Mathews)(Nos. 16-2027/ 2080/2273/2414/2422)(consolidated case-petition under a second and successive habeas petitions under 28 USC §2255(h)(2)), also favorably applies to Petitioner's case where the parties conceded that the petitions at issue are now timely under Davis; when defendants were incorrectly charged then sentenced under 924(c).

4

-In the (7th Cir.) on August 12, 2019; (U.S. v. Brazier) (Nos. 16-4258, 17-1060, 17-1412), also applies favorably when two defendants were sentenced under 18 USC 924(c) for using and discharging firearms during a supposed crime of violence. This case was reversed and remanded back for resentencing.

-Petitioner correctly argues that his 924(c) charge (as in Davis) is actually a Residual Clause and not an element offense. In fact; as shown in the transcripts, because Petitioner lost trial for the Robbery; the 924(c) was then used as an enhancement as the Jury accepted Count 2 for the 924(c) charge without ever proving such a charge.

-The Court must first examine if it committed plain error when considering if Petitioner's charge carried categorical approach; meaning that the Court only looked at the elements of the crime and not at the particular facts of the case; and when a statute allows both violent and nonviolent means of commission and such that offense is not categorically a crime of violence under the force clause. As in a bank robbery that is committed with only a note, intimidation can be considered as non-violent as well now based on multiple cases cited herein this Motion/Response Brief.

WHEREFORE, Petitioner Rahman R. Fulton, pro se, hereby respectfully requests this Honorable Court to "GRANT" his Motion for Relief under (Davis) No. 18431; under 18 USC 924(c)(1)(A); (3)(B); finding that Petitioner's Count 2 should and does qualify under the Residual Clause and not as an Elements charge. Such a determination would qualify Petitioner for immediate Relief and Release from custody and as stated in the footnotes of the Govt's Letter Answer on Page 2; ("If Petitioner were successful on his claim, the remedy would be to remand the case for resentencing...(stated in part here purposely); while the Court continues to address the other grounds herein Petitioner's complete filing of his 2255 habeas corpus filing; and for such other and further Relief deemed proper and necessary in the Interest of Justice.

Dated: Sept 1, 2019

Respectfully Submitted,

Rahman R. Fulton, Pro Se/64940-050
Allenwood LSCI - LOW
PO Box 1000
White Deer, PA 17887

5

## AFFIDAVIT

I HEREBY CERTIFY that the foregoing facts are true and correct to the best of my knowlege and belief upon pain of perjury under 28 USC §1746.

Rahman Fulton

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the following pleading was mailed on this ___2___ day of ___Sept___ 2019 by first class mail; postage prepaid to Daniel V. Shapiro (AUSA)/ 970 Broad Street, Newark, New Jersey 07102.

Rahman Fulton

ATTACHMENT(S)



 

US OFFICIAL M

ZIP 07102
02 1W
000488811

7016 2070 0000 9973 3103

BB58

Rahman Fulton
64940-050
Federal Correctional Complex-Allenwood Low
P.O. Box 1000
White Deer, PA17887

17887 1000 B099

lic. 8/29/19

ATTACHMENT #1

1    verdicts.

2         JURY FOREPERSON:  With respect to count one, which

3    charges defendant Rahman Fulton with bank robbery on or

4    about May 25th, 2012, we, the jury, unanimously find the

5    defendant guilty.

6         If the question is guilty, with respect to count two,

7    with charges defendant Rahman Fulton with using, carrying

8    and possessing a firearm during a crime of violence that

9    is, the bank robbery charged in count one, we, the jury,

10   unanimously find the defendant guilty.

11        Did the defendant, Rahman Fulton, brandish the

12   firearm in furtherance of a crime of violence, that is, the

13   crime charged in count one?  We answered yes.

14        THE COURT:  Thank you.  Miss Gillen, do you wish the

15   jury polled?

16        MR. THOMAS:  Yes, your Honor.

17        THE COURT:  Miss Trivino, please poll the jury.

18        THE CLERK:  As I call your name, please indicate

19   whether you concur with the jury verdict rendered.

20        Juror No. 1, do you concur?

21        JUROR NO. 1:  Yes.

22        THE CLERK:  Juror No. 2?

23        JUROR NO. 2:  Yes.          .

24        THE CLERK:  Juror No. 3?

25        JUROR NO. 3:  Yes.

No. _____


_____

## IN THE

## SUPREME COURT OF THE UNITED STATES

____OF America_____

_____Rahman Fulton_____ — PETITIONER
(Your Name)

## VS.

____United States of America___ — RESPONDENT(S)

## **PROOF OF SERVICE**

I,____Rahman Fulton_____, do swear or declare that on this date,
_____May   5_____,_____, 20 17, as required by Supreme Court Rule 29 I have
served the enclosed MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
and PETITION FOR A WRIT OF CERTIORARI on each party to the above proceeding
or that party's counsel, and on every other person required to be served, by depositing
an envelope containing the above documents in the United States mail properly addressed
to each of them and with first-class postage prepaid, or by delivery to a third-party
commercial carrier for delivery within 3 calendar days.

The names and addresses of those served are as follows:

_Solicitor General of the United States, Room 5614,_____

_Department of Justice, 950 Pennsylvania Ave.,_____

_N.W., Washington, DC 20530-0001_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____5 / 5 /_____, 20 17

_____
(Signature)

ATTACHMENT #3

No _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

Rahman Fulton _____ -PETITIONER

VS.

__United States of America_____ -RESPONDENT(s)

MOTION TO FILE SUPPLEMENT BRIEF IN LIGHT OF DEAN v. UNITED STATES

QUESTION TO ASK "GVR" REMAND

"Back To Third Circuit Court Of Appeals"

Petitioner rely's on Rule 15 to Supplement and Amend pleading base on New Supreme Court Decision" which came down and could cause great difference in Petitioner sentence. This approach is Dean v. United States, No. 15-9260, 4/3/17. The facts are Petitioner comes with a recent decision that came down Aug. 1, 2017 See(US v. Bodonie No. 14-10069 9th Cir.(Aug 1, 2017) Which was remand down to District Court base on Count 3 924(c)(1)(iii) was dismiss in light of Dean v. United States. Petitioner ask the Supreme Court"GVR" Dean provisioniinregards to Mr. Fulton 924(c)(1) (ii) and 2 Count Two. Should be dismiss in light of Dean v. US.

Respectfully Submitted

_Rahman Fulton_ Pro-Se

Date: Aug 21, 2017

1

## CERTIFICATE OF SERVICE

Mr. Rahman Fulton Pro-Se apply a copy of Motion To File Supplement
Brief Under Rule 15(8) To Solicitor General of the United States,
Room 5614, Department of Justice, 950 Pennsylvania Ave., N.W.,
Washington, DC 20530-0001. Upon First Class Mail

## VIA MAIL

Solicitor General Of the United States

Date: Aug. 21, 2017

X _Rahman Fulton_

Rahman Fulton#64940-050
Allenwood FCI MED.
P.O. Box. 2000
White Deer, PA. 17887

2

SUPPLEMENT BRIEF UNDER RULE 15

## Notarized Affidavit or Declaration
### Under 28 U.S.C. 1746

Petitioner has not been declare to file any In Forma Pauperis

under Federal Rules of Appellate Procedure, Form 4. Which

Petitioner never recieve any papers from Counsel which filed

Rehearing En Banc thereafter Petitioner recieve a Judge order

that he had to May 9, 2017 to file a Writ of. Certiorari.

Respectfully Submitted,

Kotsman R. Foot

## Via Mail

Solicitor General of the United States
Room 5614, Department of Justice,
950 Pennsylvania Ave., N.W., Washington, D.C.
20530-0001.

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

OF America
_____

_____Rahman Fulton_____ — PETITIONER
(Your Name)

vs.

United States Of America __ RESPONDENT(S)
_____

ON PETITION FOR A WRIT OF CERTIORARI TO

_Third Circuit Court Of Appeals_____
(NAME OF COURT THAT LAST RULED ON MERITS OF YOUR CASE)

PETITION FOR WRIT OF CERTIORARI

Rahman Fulton_____
(Your Name)

_FCI Allenwood, P.O. Box. 2000_____
(Address)

White Deer, PA. 17887_____
(City, State, Zip Code)

_____
(Phone Number)

## LIST OF PARTIES

[x] All parties appear in the caption of the case on the cover page.

[ ] All parties **do not** appear in the caption of the case on the cover page. A list of all parties to the proceeding in the court whose judgment is the subject of this petition is as follows:

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVES

## AMENDMENT 4th

The right of the people to be secure in their persons
house, papers, and effects against unreasonable searches
and seizures, shall not be violated, and no Warrants shall
issue but upon probable cause, supported by oath or Affirm-
ation and particularly describing the place to be searched
and persons or things to be seized.

## AMENDMENT 6

### Right of the accused

In all criminal prosecutions the accused shall
enjoy the right to a speedy and public trial, by an impartial
Jury of the state and district wherein the crime shall have
been committed, which district shall have been previously
ascertained by Law and to be informed of the nature and cause
of the accusation to be confronted with the witness against

him to have compulsory process for obtaining witnesses in his
favor, and to have the Assistance of Counsel for his defense.

## QUESTION(S) PRESENTED

Petitioner comes forth with Question base under <u>Graham v. United States,</u> <u>U.S., No. 16-6308, friend of the Court brief filed 10/28/16</u>. To Be Held In Abeyance To Outcome Of Supreme Court Decision. Mr. Rahman brings same conclusion when FBI use mining mobile phone provider records to point him at Bank Robbery base on the phone call to Ms. Karina Echevarria on May 25, 2012 at 4:19pm. Petitioner ask The Supreme Court grant a"<u>GVR</u>"

Petitioner comes forth with Question base under Lynch v. Dimaya, No. 15-1498 To Be Held In Abeyance To Outcome Of Supreme Court Decision. Petitioner ask The Supreme Court grant a "<u>GVR</u>"

      (a) Petitioner states federal bank robbery statue does not requir a knowing or intentional "<u>mens rea</u>" in association with the use of force or intimidation. Therefore "force" clause of 18 U.S.C. 924(c)(3)(A) does not apply Mr. Rahman under residu clause 924(c)(3)(B) which identical to 16(b).Count 2 should b dismiss for not being "<u>Crime of Violence</u>"

      (b) Petitioner argues Mathis v. United States, 136 S.Ct. 2243, 19 L.Ed. 2d 604(2016) Mr. Rahman brings argument under lessor included offense of Bank Robbery which can be committed by means of extortion that does not require the use or fear of physical force. Therefore Count 2 should be dismiss for not being "<u>Crime of Violence</u>"

IN THE SUPREME COURT OF THE UNITED STATES

SUPPLEMENT OF BRIEF

RAHMAN FULTON

v.

UNITED STATES OF AMERICA

## STATEMENT OF CASE

On May 25, 2012 a large man who appeared to be wearing multiple layers of clothing entered the PNC Bank in North Randolph, Pennsylvania carrying a gun.(App. F.) He ordered everyone to the ground and demanded money from the tellers' second drawers. Two PNC employees quickly handed him two stacks of cash, one of which contained a concealed Global Positioning system tracking device. The robber's face was completely covered by a ski mask. The robbers' height was estimated as being any where from 6 feet to 6 foot 3 inches. One employee described him as having a "medium build" and being "solid," but admitted she "couldn't really totally tell[if he was] muscular or not because the way [he] was covered." she estimated his weight at 220 or 230 pounds. Another employee described him as" a husky man, built" and" not necessarily fat but, you know, muscular." she said it was hard to tell his build because of his bulky clothing. The robbery occured at 4:08p.m. and lasted a matter of minutes. Mr. Fulton explain without mobile phone provider records. The phone call to Ms. Karina Echevarria would have been suppressed under Fourth Amendment.

1

Cannot stand.

The Central dispute at trial was robbed the PNC Bank in Randolph, New Jersey, a little after 4pm. On May 25, 2012. Fulton was charged, but substantial evidence pointed to Ricardo Barnes, another African American man who lived next door to Fulton in a single story, side-by-side duplex separated by a wall down the middle of the building. Fulton lived on one side, at 13 Jefferson Avenue, Barnes in the other, at 17 Jefferson Avenue(together, "13/17 Jefferson"). The duplex is located in Victory Gardens, a town close to the PNC Bank. Twenty-six witness testified at trial, 21 called by the government and five the defense. Witness included bank employees, responding law enforcement officers, several of Fulton's neighbors and housemates, his girlfriend and his girlfriend's sister, experts in cell phone analysis, an expert in GPs techonology, Barnes's mother, and Barnes himself.

General, the testimony covered the robbery itself the immediate police response, follow-up interviews, and analyses of cell phone records and data produced by GPs tracking device. More specific topics included testimony by Fulton's girlfriend and his girlfriend's sister about conversions they had with Fulton, testimony about the layout 13/17 Jefferson and testimony about the physical resemblance, or lack thereof, among Fulton, Barnes, and the man depicted in the bank surveillance video and still photographs.

SHOULD SUPREME COURT GRANT A STAY UNDER RULE 23
Under Graham v. United States, U.s. No. 16-6308,
friend of the Court brief filed 10/28/2016. To
Be Held In Abeyance To Outcome of Supreme Court
Decision.Petitioner ask this Court to"GVR" his
his case back to the 3rd Circuit Court of Appeals
Under Grounds of harmless Error Rule 52(b) See
(Griffith v. Kentucky)

Mr. Fulton argument is base on Government witness Karina Echevarria

(J.A 571) that recieved an in coming call from the defendant on the

day of the Bank robbery at 4:19pm demonstrate that the officers used

a "Pen Register" technology that only provide information about in-

coming and outgoing calls. Furthermore Government witness FBI agent

James Scarozzi gave a Lay Opinion testimony under Fed. R. Evid. 701

stating that Ricardo Barnes who lived next door to the defendant was

excluded as a suspect. Because Barnes recieved a phone call at ther

same time of the Bank Robbery at 4:08pm.(J.A. 816)(which went to voice mail

mail)(J.A. 894) Mr. Fulton made a 12-second phone call to his girlfriends

friend Karina(J.A. 564) Mr. Fulton occasionally picked Echevarria up

from this K-Mart and drove her to school. Because the police were just

beginning to arrive in Fultons neighborhood at the time he placed this

call, the Government argues that Echevarria's testimony was probative

of hisguilt. 46,(Appellee's Br. at 31) According to the government

Fulton could not have known about the PNC robbery that ocurred just 10

minutes prior to his phone conversation unless he was involved in the

crime.

Petitioner points to the facts of this case were its more unfactual

problems then evidence at hand Mr. Fulton rely's on Graham to be the pre-

vailing law, when there are evidence base on speculation. Now it is a

fact Mr. Fulton always call Ms. Echevarria everyday as you see on the prio

3

call logs. The problem is how FBI agent use mobile phone location data that tied him to Bank robbery. The government was able to get the information by mining mobile phone providers records. Mr. Fulton argument should have been to suppress the location of data. When the call was outgoing or incoming by Ms. Echevarria. Therefore split into Third Circuit and Fourth Circuit also Sixth Circuit are controlling into Mr. Fulton case were the police must have a search warrant before they compel mobile phone service providers to turn over data that locates suspect's physical movements.

Wherefore Petitioner Mr. Fulton is requesting this Court to "GVR" his case back to the 3rd Circuit Court of Appeals in light of this Courts ruling under US v Graham To Be Held in Abeyance To Outcome of Supreme Court Decision.

> SHOULD SUPREME COURT GRANT A STAY UNDER RULE 23
> Under Lynch v. Dimaya, No. 15-1498(Jan. 19, 2017
> Oral Argument) To Be Held In Abeyance To Outcome
> Of Supreme Court decision. Petitioner ask this Court
> to "GVR" his case back to the 3rd Circuit Court of
> Appeals in light of Griffith v Kentucky.

Mr. Fulton first step is to establish the approach at hand which dealt 2113(a) and (d) See(Us v Dixon, 779 f.3d 758 7th Cir. June 23, 2015) 2113(a)(bank robbery by intimidation) rather than 2113(d)(violation of 2113(a) by using a dangerous weapon or device). In one robbery Dixon waved at teller a bag containing a stiff object and threatened them, saying five seconds I'm gonna shoot. In the other Dixon brandished an object with a long barrel and directed a teller to "give him the money or he would shoot." The object in both robberies was not gun but a

4

butane lighter with a long barrel. Dixon also pressed the gun against
one teller neck when making threat. Government never disputed that
this happen on a appeal. See(Mclauglin v. U$ 106 S.Ct. 1677(1986)
gives three reason way an unloaded handgun is a dangerous weapon"under
2113(d) first, every firearm is potentially dangerous, Second, it instill
fear in those at which it is pointed, third, it can cause injury when
used as a bludgeon.

Mr. Fulton points To Volume 2 Trial The Government first witness
Robin Elibeth Hunt(Page(18) V.2,T.P., describing the Bank teller hand-
ing over the money to the Bank robber. On page (19) G.W. Robin Hunt test-
fied the bank robber took the money from the customer side and that the
bank robber left. On page (21) from V.2.T.P. G.W. Robin Hunt testified
that she could'nt tell if the Bank Robber was musclaror heavy set because
of the sweater the way the person was covered.

The Government Second witness Carol Viola page (33) V.2.T.P.
Carol Viola testified that the Bank Robber cocked the gun. Page (40) Carol
Viola testified that she heard the gun clicked. Page(42) Carol Viola test-
ified that the bank Robber pointed the Gun at the teller line. Page 44.
Carol Viola stated the Bank Robebber stayed three minutes. Carol Viola is
the PNC president Branch manager on page 37.

(a) Petitioner states Federal Bank Robbery Statue does not require
a knowing or intentional "Mens Rea" In association with the use of force
or intimidation. Therefore "force" clause of 18 U.S.C. 924(c)(3)(A) does
not apply to Mr. Fulton under residual clause 924(C)(3)(B) which identical
to 16(b). Count 2 924(c) should be dismiss for not being "Crime of Violenc

Petitioner comes forth with New Jersey Robbery statue See(U$ v. Knight
2016 U.S. Dist. Lexis 5858 D.NJ Jan. 19, 2016) Robbery did not have as an

5

element the use, attempted use, or threatened use of physical force.
This analysis is use in a older case and Mr. Fulton points to See(US v.
Edmundson, 2015 U.S. Dist. Lexis 171007 MD SD. Dec. 30, 2015) 18 U.S.C.
924(c)(3)(A) was not met under force clause") and based on Johnson, the
residual clause of 18 U.S.C. 924(c)(3)(B) now fall under residualclause")
was unconstitutionally vague in violation of the Fifth Amendment Due
Process Clause. (US v. Melvin, 621 Fed. Appx. 226, 226-27(4th Cir. 2015)
(Vacating the defendant's enhance sentence under the ACC based on the
prior North Carolina Conviction for conspiracy to commit robbery with a
dangerous weapon because these offense did not qualify as a violent
felony under either the ACC force clause. Other Circuits has held the
Mens Rea for the federal bank robbery offense, 2113(a) does not attach to
the use of violence or intimidation. See(United States v. Pickar,616 F.3d
821, 825(8th Cir. 2010)(finding that the federal bank robbery statues
does not require a knowing or intentional mens rea in association with
the use of force or intimidation); United States v. Yockel, 320 F.3d 818
824(8th Cir. 2003)("The district court correctly concluded the mens rea
element of bank robbery did not apply to the element of intimidation.")
Pursuant to Leocal v. ashcroft, 543 U.S. 1, 9, 125 S.Ct. 377, 160 L.Ed.
2d 271(2004). "the key phrase....the use.....of physical force against
the person or property of another' or most naturally suggests a higher
degree of intent than negligent or merely accidental conduct."(quoting
18 U.s.C 16(b))). See(Hullaby v. united states, 2017 U.S. Dist. Lexis
15744 D. Ariz. Feb. 1, 2017)(See(Stay granted under(Lynch v. Dimaya) by
Hullaby v. United States, 2017 U.S. Dist. Lexis 22357(D.Ariz. Feb 16,
2017)(Bank Robbery shouldn't qualify as a "Crime of Violence" under
Hection 924(c)

Wherefore Mr. Fulton Bank Robbery statue does not require a Knowing or intentional "Mens Rea" in association with the use of force or Intimidation. Therefore Petitioner 924(c) Count should be dismiss under 16(b) which is identical to 924(c)(3)(B).

(b). Petitioner argues Mathis v. United States, 136 S.Ct. 2243, 195 L.Ed. 2d 604(2016) Mr. Fulton brings argument under lessor included offense of Bank Robbery which can be committed by means of extortion that does not require the use or fear of physical force. Therefore Count 2 Should be dismiss for not being "<u>Crime of Violence</u>"

Mr. Fulton cites Supreme Court's decision <u>Mathis</u> which holds that, where a crime has various means of committing a single element that is broaqder than generic offense, the broader crime cannot serve as a predicate under the armed Career criminal Act. 136 S.Ct. 2243, 2248-49. Mathis also hold that, in considering such a staue with alternative means of satisfying a single element, courts may only consider those elements "to explore the manner in which the defendant committed that offense. Id at 2252. Movants contend that <u>Mathis</u> demands that 2113 be read to include not only those takings perpetrated by "force and violence, or by intimidation", but also those perpetrated by way of "extortion" See(US v. Slater, 2016 U.S. Dist. Lexis 171656 ED. Cal. Dec. 12, 2016) Petitioner also establish a robbery is an enumerated offense, FederalBank Robbery would still not qualify. Under the categorical approach, the sentencing court looks only to the elements of the prior or current offense and compares them to the "generic" crime Descamps, 133 S.Ct. at 2283(Quoting Taylor, 495 U.S. at 599) "If the Statute sweeps more broadly than the generic crime, a conviction under that law cannot count as a predicate "Crime of Violence," even if the defendant actually

7

committed the offense in its generic form.

Wherefore Petitioner Mr. Fulton is requesting this Court to "GVR" his case back to 3rd Circuit Court Of appeals in light of this court ruling Mathis v. United States, 136 S.Ct. 2243, 195 L.Ed. 2d 604(2016) or in the alternative to Held In Abeyance To Outcome of Supreme Court Lynch v. Dimaya, No. 15-1498(2017)

## TABLE OF CONTENTS

OPINIONS BELOW ......................................................................................................... 1

JURISDICTION...................................................................................................................

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED .................................

STATEMENT OF THE CASE .............................................................................................

REASONS FOR GRANTING THE WRIT ...........................................................................

CONCLUSION....................................................................................................................

## INDEX TO APPENDICES

APPENDIX A  On september 19, 2016 the Judgement was affirmed by the court of Appeals For The Third Circuits.(Appendix A)

APPENDIX B  On January 28, 2014 Mr. Rahman Fulton was Found guilty In Jury Trial on Count 1 of the Indictment-Guilty, Count 2 of the Indictment -Guilty(Appendix B).

APPENDIX C  On February 8, 2017 a timely Filing of Rehearing Motion was Denied.(Appendix C)

APPENDIX D  On January 6, 2015, a timely Notice of Appeal was filed(Doc. 81 (Appendix D)

APPENDIX E   On september 20, 2013 Mr. Fulton Filed motion for Reconsideration issuance of exparte court order, Cellco Partnership, DBA-Verizon wireless shall provide all subscriber information as to Rahman Fulton and Sprint Nextel shall provider.(Appendix F)
APPENDIX F  on 12/12/12 (Doc 3) Indictment as to Rahman Fulton (1) counts 1, 2 (mrd)(Appendix F)

## TABLE OF AUTHORITIES CITED

CASES

PAGE NUMBER

Graham v United States,

No. 16-6308(2016)

Lynch v Dimaya,

No. 15-1498(2017)

Mathis v. United States,

136 S.Ct. 2243(2016)

### STATUTES AND RULES

18 U.S.C 2113(a) and (d)
18 U.S.C. 924(c)

OTHER

## TABLE OF AUTHORITIES CITED

Cases:

Graham v United States, US. No. 16-6308(2016)

Griffith v. Kentucky, 479 US. 314, 328, 107 S.Ct. 708 93 L.Ed 2d 649(1987)

Lynch v Dimaya, US. No. 15-1498(2017)

United States v. Knight, US. No. 15-004) US Dist. Lexis 5858(2016)

United States v Edmundson,US Dist. Lexis 1/1007(2015)

United States v Melvin, 621 Fed. Appx. 226, 226-27 4th Cir.(2015)

United States v. Pickar, 616 F.3d 821, 825(8th Cir. 2010)

United States v Yockel, 320 F.3d 818-824(8th Cir. 2003)

Leocal v. ashcroft, 543 U.S. 1,9, 125 S.Ct. 377, 160 L.Ed. 2d 271(2004)

Hullaby v. United States, Us Dist. Lexis 15744 D. Ariz.(2017)

Mathis v. United states, 136 S.Ct. 2243, 195 L.Ed. 2d(2016)

united v. Slater US Dist. Lexis 1/1656(2016)

Taylor v. United Staes, 495 U.S. 575, 598-599 110 S.Ct. 2143 109 L.Ed.
2d 607(1990)


## Statutes and Rules

18 U.S.C. 2113(a) and (d)
18 U.S.C. 924(c)

IN THE

SUPREME COURT OF THE UNITED STATES

PETITION FOR WRIT OF CERTIORARI

Petitioner respectfully prays that a writ of certiorari issue to review the judgment below.

## OPINIONS BELOW

[ x ] For cases from **federal courts**:

  The opinion of the United States court of appeals appears at Appendix ____A____ to the petition and is

  [X] reported at _837 F.3d 281; US. App. Lexis 17050_ ; or,
  [ ] has been designated for publication but is not yet reported; or,
  [ ] is unpublished.

  The opinion of the United States district court appears at Appendix ___B____ to the petition and is

  [ ] reported at __January 28, 2014 Jury Trial_____; or,
  [ ] has been designated for publication but is not yet reported; or,
  [ ] is unpublished.

[ ] For cases from **state courts**: N/A

  The opinion of the highest state court to review the merits appears at Appendix _____ to the petition and is

  [ ] reported at _____; or,
  [ ] has been designated for publication but is not yet reported; or,
  [ ] is unpublished.

  The opinion of the _____ court appears at Appendix _____ to the petition and is

  [ ] reported at _____; or,
  [ ] has been designated for publication but is not yet reported; or,
  [ ] is unpublished.

1.

## JURISDICTION

[ ] For cases from **federal courts**:

> The date on which the United States Court of Appeals decided my case
> was <u>September 19, 2016</u>.
>
> [ ] No petition for rehearing was timely filed in my case.
>
> [ ] A timely petition for rehearing was denied by the United States Court of
> Appeals on the following date: <u>Febraury 8, 2017</u>, and a copy of the
> order denying rehearing appears at Appendix <u>C</u>.
>
> [ ] An extension of time to file the petition for a writ of certiorari was granted
> to and including _____ (date) on _____ (date)
> in Application No. ___A_____.
>
> The jurisdiction of this Court is invoked under 28 U. S. C. § 1254(1).

[ ] For cases from **state courts**:

> The date on which the highest state court decided my case was _____.
> A copy of that decision appears at Appendix _____.
>
> [ ] A timely petition for rehearing was thereafter denied on the following date:
> _____, and a copy of the order denying rehearing
> appears at Appendix _____.
>
> [ ] An extension of time to file the petition for a writ of certiorari was granted
> to and including _____ (date) on _____ (date) in
> Application No. ___A_____.
>
> The jurisdiction of this Court is invoked under 28 U. S. C. § 1257(a).

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

Amendment 4th

Unreasonable 'Searches and Seizures

The right of the people to be secure in their persons.
houses, papers, and effects against unreasonable searches
and seizures shall not be violated and no warrants shall
issue but upon probable cause, supported by oath or
Affirmation, and particularly desciding the place to be
searched and the persons or things to be seized.


AMENDMENT 6

Right of the accused

In all criminal prosecutions the accused shall enjoy the
right to a speedy and public trial, by an impartial Jury
of the 'State and district wherein the crime shall have
been committed which district shall have been previously
ascertained by law and to be informed of the nature and
cause of the accusation to be confronted with the witnesses
against him to have compulsory process for obtaining
witnesses in his favor, and have the Assistance of Counsel
for his defense.

## STATEMENT OF THE CASE

Fulton was charged in a two-count indictment, filed on April 16, 2013 with bank robbery, in violation of 18 U.S.C. 2113(a) and 2(Count one), and use of a firearm in furtherance of a crime of violence, in violation of U.S.C. 924(c)(1)(A)(iii)(Count Two) App. 14; ECF #16, The trial began on January 14, 2014, App. 19; ECF #5 On January 28, 2014, the jury return a guilty verdict. App. 20: ECl #o7. On December 22, 2014, Mr. Fulton was sentenced to 141 months imprisonment. App. 21# 78.

## REASONS FOR GRANTING THE PETITION

Petitioner Brings forth clear argument that without Ms. Karina
Echevarria statement he would likely be able to be found guilty
of 2113(a) and (d) also 924(c) charge with Graham v. United States
testimony of this witness would be supress dued to 4th amendment
violation.


Lynch v Dimaya, No. 15-1498 would be good argument under 16(b)
were Mens Rea is not met dued to reckless conduct therefore it
impossible to found Petitioner guilty of Count 2. Even with that
Mathis v. United States  lessor include offense will be Extortion.

Wherefore Petitioner should be granted these argument held in abeyance

to outcome of <u>Graham v. United States</u>, OR <u>Mathis v. United States</u>

Held In abeyance to Lynch v Dimaya is decided.

reverse and with Count 2 remand.

## CONCLUSION

The petition for a writ of certiorari should be granted.

Respectfully submitted,

Rahman R. Fida

Date: 5/5/17

(Recent favorable 1st Cir appellate cases filed 09/05/19 of Page 35 of 37 PageID: 285 concerning "Force Clause" and reversal on Unconstitutional vagueness (Davis) on Element charges that should have fallen under the Residual Clause and thus must now be vacated) (* next to case most relevant to my case).

**1st Circuit**
United States v. Wright, (1st Cir. August 28, 3019) Wright was indicted for conspiracy to provide material support to ISIS, ("Count One"); conspiracy to obstruct justice ("Count Two"); and obstruction of justice ("Count Three"). An April 2016 superseding indictment added a count for conspiracy to commit acts of terrorism transcending national boundaries ("Count Four"); and another February 2017 superseding indictment added a count of obstruction of justice ("Count Five"). Following a fourteen-day trial, the jury convicted Wright on all counts. The District Court sentenced Wright in December 2017 to twenty-eight years' imprisonment and lifetime supervised release. Wright appealed his convictions. The Court vacated his conviction on Count One and remanded for further proceedings not inconsistent with this opinion because Wright's conviction on Count One on the ground that the instruction that the District Court did give on "material support or resources" was erroneous, we have no occasion to consider whether Wright's proposed instruction -- insofar as it would attach to the District Court's erroneous instruction -- was required. .

**2nd Circuit**                                                                                    (\*)
United States v. Barrett, (No. 14-2641-cr) (2nd Cir. August 30, 2019) Following a jury trial, defendant challenged his conviction for using firearms in the commission of violent crimes, see 18 U.S.C. § 924(c)(1)(A), in one case causing death, see id. § 924(j). Defendant argued that the predicate felonies for these firearms offenses substantive and conspiratorial Hobbs Act robbery, see id. § 1951 are not "crime[s] of violence" within the meaning of § 924(c)(3), a conclusion he
maintained was compelled by Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and Johnson v. United States, 135 S. Ct. 2551 (2015). This court rejected this argument for reasons explained in United States v. Barrett, 903 F.3d 166 (2d Cir. 2018). Our judgment affirming defendant's conviction has now been vacated by the Supreme Court, and the case remanded for further consideration in light of United States v. Davis, 139 S. Ct. 2319 (2019). Upon such consideration, the court concludes that Barrett's Count Two conviction for using firearms in the commission of Hobbs Act robbery conspiracy must be vacated and remanded for resentencing.

United States v. Pugh, (No. 17-1889) (2nd Cir. August 29, 2019) Pugh was charged with attempting to provide material support to a foreign terrorist organization (count one) and obstruction of justice (count two). At trial, the government admitted into evidence, over Pugh's objection, a draft letter that Pugh had purportedly written to his wife which, inter alia, professed his allegiance to the Islamic State. Pugh was convicted by a jury on both counts and sentenced to 180 months of incarceration on count one, and 240 months of incarceration on count two, the sentences to run consecutively, for a total effective sentence of 420 months of incarceration, the maximum allowable sentence. Pugh argued on appeal, among other things, that his sentence was procedurally and substantively unreasonable because the court (1) failed to sufficiently articulate its reasoning for imposing the statutory maximum sentence, and (2) failed to provide Pugh sufficient opportunity to address the court. The Court agreed that further articulation of the sentence determination was required and vacated the sentence, and remanded for resentencing.

**5th Circuit**
United States v. Aguilar-Alonzo, (No. 18-50627) (5th Cir. August 27, 2019) Defendant Aquilar-Alonzo pleaded guilty to aiding and abetting the possession with intent to distribute marijuana. The district court imposed a two-level enhancement to Aguilar-Alonzo's base offense level under U.S.S.G. § 2D1.1(b)(15)(A) (2016) for "us[ing] fear, impulse, friendship, affection, or some combination thereof to involve another individual" in the offense. Aguilar-Alonzo appealed, contending that the evidence does not support the two level enhancement and that the district court clearly erred in applying the enhancement. The Court agreed and vacated and remanded.

**6th Circuit**                                                                                    (\*)
Knight v. United States, (No. 17-6370) (6th Cir. August 27, 2019) Knight appealed the district court's denial of his motion to amend his 28 U.S.C. § 2255 petition to challenge his convictions under 18 U.S.C. § 924(c) (use of a firearm during and in relation to a "crime of violence") in light of Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"). While Knight's appeal was pending, the Supreme Court held that the residual clause of the definition of "crime of violence" in § 924(c)(3)(B) unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2336 (2019).
The government conceded that under Davis kidnapping in violation of 18 U.S.C. § 1201(a) is not a "crime of violence" and t Knight's conviction under § 924(c) for using a firearm during and in relation to kidnapping must be vacated. Accordingly, th Court vacated Knight's § 924(c) conviction for using a firearm during a kidnapping, and robbery of a postal employee, and

ATTACHMENT #4

remanded for proceedings consistent with this opinion.

9th Circuit
United States v. Hanson, (Nos. 18-30037) (9th Cir. August 28, 2019)  The panel vacated the defendant's 2017 conviction for receipt of child pornography and for a violation of supervised release, and remanded for resentencing on both matters. The panel held that the district court violated the Ex Post Facto Clause when it sentenced the defendant to five years' imprisonment under 18 U.S.C. § 3583(k) (2006) upon revoking his supervised release rather than sentencing him under the statutes as they existed in 2005 when he committed his first child pornography offense. Under those statutes, the maximum term of reimprisonment the district court could impose after revoking the defendant's supervised release on his Class C felony conviction was two years. The panel held that the record raises at least a reasonable probability that the district court would have imposed a lower total sentence if it had known that the maximum possible sentence on revocation of supervised release was two years rather than five, and that the error affected the defendant's substantial rights.                                            (✵)

United States v. McAdory, (No. 18-30112) (9th Cir. August 28, 2019)  The panel reversed a criminal judgment in a case in which the defendant was convicted of being a felon in possession of a firearm, and remanded with instructions that the district court vacate the conviction and dismiss the indictment. The panel held that because none of the defendant's prior convictions had standard sentencing ranges exceeding one year, and none was accompanied by written findings of any of the statutory factors that would justify an upward departure, the defendant had no predicate offenses within the meaning of § 922(g)(1).

10th Circuit
United States v. Herring, (No. 18-4023) (10th Cir. August 27, 2019)  Herring appealed from the denial by the district court of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court granted a certificate of appealability to determine whether the district court erred in denying, without a hearing, Herring's claim that his trial counsel's failure to consult with him
about an appeal constituted ineffective assistance of counsel.  The Court concluded that the district
court abused its discretion under 28 U.S.C. § 2255(b) by failing to hold an evidentiary hearing to resolve Herring's section 2255 motion because the record does not "conclusively show" that Herring is entitled to no relief. The Court vacated the district court's dismissal of Herring's motion and remanded for an evidentiary hearing.

Smith v. Sharp, Warden, (No. 17-6184) (10th Cir. August 26, 2019)  Smith was sentenced to death by an Oklahoma state jury for the 1993 murders of his wife and four stepchildren. The Court previously granted relief on Smith's previously filed habeas corpus petition in Smith v. Mullin, 379 F.3d 919 (10th Cir. 2004), entitling him to resentencing. A jury found Smith competent to stand trial in 2009, and he was resentenced to death in 2010.  Smith again sought federal habeas relief. He alleged that the state prosecution in his Atkins, competency, and resentencing trials violated several of his constitutional rights, including his Eighth Amendment right against cruel and unusual punishment and his Sixth Amendment right to counsel. Specifically, among other things, Smith argued: (1) the Eighth and Fourteenth Amendments prohibit his execution because he is intellectually disabled; (2) the jury instruction requiring a finding that his intellectual disability was "present and known" before the age of eighteen violated Atkins; and (3) counsel's failure to call an expert witness to testify about the employment capabilities of the intellectually disabled and prepare an additional adaptive functioning measurement denied him effective assistance of counsel during his Atkins trial; The Court remanded with instructions to grant a conditional writ vacating Smith's death sentence and remanding to the State for a new penalty-phase proceeding.

Allenwood Low Security Correctional (PS)
PO Box 1000
White Deer, PA 17887

51

7019 0160 0000 5801 3548

⬧64940-050⬧
Clerks Of Court
U.S. District Court
U.S. District Courthouse
50 Walnut ST
Newark, NJ 07102-4015
United States

LEGAL MAIL

Low Security Correctional
Date 9-3-19
Allenwood, PA 1...

The enclosed letter was proces
special mailing procedures for th
you. The letter has neither been o
inspected. If the writer raises a
problem over which this fac
jurisdiction, you may wish to re
material for further information
If the writer encloses corresp
forwarding to another address, p
enclosure to the ...



